UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v.                                        ) <br> ) <br> MARTIN LUSTGARTEN ACHERMAN, ) <br> SALOMON BENDAYAN, a.k.a. "Salo," ) <br> ) <br> ) <br> ) <br> ) <br> Defendants.                         ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CRIMINAL NO.  15-10046-LTS <br><br> VIOLATIONS: <br><br> 18 U.S.C. § 1956(h) – Conspiracy <br> to Launder Monetary Instruments <br><br> 18 U.S.C. § 1512(k) – Conspiracy to <br> Obstruct an Official Proceeding <br><br> 18 U.S.C. § 1512(c)(2) – Obstruction of an <br> Official Proceeding <br><br> 18 U.S.C. §§ 982(a)(1), 981(a)(1)(C) and <br> 28 U.S.C. § 2461(c) <br> – Criminal Forfeiture Allegation |

### FIRST SUPERSEDING INDICTMENT

### COUNT ONE

(Title 18, United States Code, Section 1956(h) - Money Laundering Conspiracy)

The Grand Jury charges that:

### INTRODUCTION

At all times relevant to this First Superseding Indictment:

   1. Since at least 2007, and continuing until the present time, the government of Venezuela has maintained strict control over the availability of U.S. dollars in Venezuela, which has led to the creation of an unregulated black or parallel market for U.S. dollars in Venezuela. The price or exchange rate for U.S. dollars on the black or parallel market varies, but is generally substantially higher than the official exchange rate for U.S. dollars.  The demand for U.S. dollars in Venezuela is often met by money brokers who obtain U.S. dollars generated from illegal

sources including the importation and sale of illegal drugs into the United States from Colombia and Mexico.

2.  Defendant MARTIN LUSTGARTEN ACHERMAN ("LUSTGARTEN") was a resident of Venezuela, Panama, and Florida. LUSTGARTEN controlled and was a director of several companies incorporated in various locations including Hong Kong, Singapore, Panama, and elsewhere. These businesses were known at various times as Denton Business Inc. ("Denton"), Clifton Capital S.A. ("Clifton"), Arbitrage & Lending Inc. ("Arbitrage & Lending"), ANL Services Ltd., A L Services Inc., A&L Services Inc., Andan Ltd., ESL Services, Inc., ESL Portfolio Holdings PTE Ltd., Avintel International Ltd., Henlux Inc., Henlux Ltd., and Henlux PTE Ltd.

3.  According to the website for one of LUSTGARTEN's companies (Henlux.com), Henlux Inc. is headquartered in Panama and offers services in the procurement of durable and consumer goods, venture capital investment, and "purchase order financing." The website for Henlux Inc. also purports that Henlux Inc. has a division in Hong Kong under the name Henlux Ltd. and in Singapore under the name Henlux PTE Ltd.

4.  Beginning by at least March 2008, LUSTGARTEN had control over and routinely used three different bank accounts at Bank of America in Doral, Florida, under the names Rosemont K d/b/a Denton Business Inc. ("the Denton Rosemont Account"), Rosemont Q Corporation d/b/a Clifton Capital S.A. ("the Clifton Rosemont Account"), and Rosemont Q Corporation d/b/a Arbitrage & Lending Inc. ("the Arbitrage Rosemont Account"). The various Florida corporations in the name of "Rosemont" were "doing business as" ("d/b/a") LUSTGARTEN's shell-companies.

5. The three bank accounts that LUSTGARTEN held under the name of Rosemont Corporation at Bank of America in Doral, Florida, were among 59 bank accounts held by LUSTGARTEN's companies and other entities also held in the name of Rosemont Corporation ("the Rosemont Accounts"). On or about March 25, 2009, the U.S. Drug Enforcement Administration ("DEA") in Boston, Massachusetts, seized these approximately 59 bank accounts held at Bank of America.

6. Defendant SALOMON BENDAYAN, a.k.a. "Salo" ("BENDAYAN") resided in New York. BENDAYAN was the President of and controlled a company incorporated in Hong Kong called Maxfield International Holding Ltd ("Maxfield") that purported to be located in New York and Miami as well as Panama City, Bogotá, Sao Paulo, Montevideo, London and Hong Kong. According to Maxfield's website the company specialized in "Asian supply chain solutions, trading of commodities, consumer and industrial goods for mass markets, and trade representation."

7. BENDAYAN was also the President of and controlled Globex Capital Limited and its holding company, Globex Holdings LLC, which was purportedly located in Hong Kong and Singapore. According to its website, Globex Capital Limited was focused on "purchase order financing" for small to medium sized companies in Latin America. BENDAYAN was also associated with several companies in Colombia including SBT S.A. ("SBT"), CI DEL ISTMO S.A. ("ISTMO"), and Agrotek Equities Ltd ("Agrotek").



## OBJECT OF CONSPIRACY

9. The object of the conspiracy was to earn substantial sums of money on the black market or parallel market in Venezuela by obtaining U.S. dollars from illegal sources, including the proceeds of drug trafficking, at a lower price or exchange rate, and exchanging or selling these U.S. dollars from illegal sources for Venezuelan bolivars at a substantially higher price or exchange rate on the black or parallel market in Venezuela. It was also the object of the conspiracy to conceal the wiring and movement of U.S. dollars derived from illegal sources, including drug trafficking, by falsely representing them to be loan repayments and capital investments through multiple international companies and bank accounts in Florida, New York, Panama, Hong Kong, and Singapore.

## MANNER AND MEANS OF CONSPIRACY

Among the manner and means by which the conspirators would and did carry out the conspiracy were the following:

10. Between approximately 2008 and continuing up to on or about March 25, 2009, LUSTGARTEN used bank accounts under the name of Rosemont Corporation doing business as Denton, Clifton, and Arbitrage & Lending in Florida, each of which LUSTGARTEN controlled, to receive millions of U.S. dollars that were the proceeds of drug trafficking in the United States. LUSTGARTEN purchased drug money in U.S. dollars on the black or parallel market and sold

4

the U.S. dollars to legitimate companies in Venezuela in exchange for Venezuelan bolivars. LUSTGARTEN received drug proceeds from Mexico and Colombia including millions of U.S. dollars in drug proceeds that others known and unknown to the grand jury caused to be transferred to LUSTGARTEN's Rosemont accounts in Florida from bank accounts associated with two companies in Colombia known as SBT S.A. ("SBT") and CI DEL ISTMO S.A. ("ISTMO").

11. Following the seizure of the Rosemont Accounts in Florida on or about March 25, 2009, including LUSTGARTEN's accounts at Denton, Clifton, and Arbitrage & Lending, from in or about June 2009 and continuing until at least in or about November 2010, LUSTGARTEN provided materially false information to the United States Attorney's Office and the DEA in Boston, Massachusetts, about the nature of his financial transactions, including but not limited to his transactions with SBT and ISTMO.

12. Following the seizure of the Rosemont Accounts and LUSTGARTEN's accounts at Denton, Clifton, and Arbitrage & Lending in Florida on or about March 25, 2009, LUSTGARTEN opened accounts in Hong Kong and Singapore and used those accounts to receive millions of U.S. dollars that were the proceeds of drug trafficking in the United States. LUSTGARTEN concealed the nature, source, and ownership of this drug money by falsely claiming that the money was a repayment of a loan from his purchase order financing business.

13. Beginning in approximately 2010, LUSTGARTEN falsely told others that the DEA in Boston, Massachusetts had authorized his financial transactions. LUSTGARTEN also falsely claimed that he had conducted "due diligence" on each of his clients and had verified the source of the U.S. dollars he was receiving into his bank accounts in both Florida and Hong

Kong.

14. Between in or about January 2012 and February 2014, LUSTGARTEN concealed the nature of his relationship with BENDAYAN and his transactions with SBT and ISTMO and provided materially false information to the DEA in Boston, Massachusetts and Puerto Rico.

15. From in or about November 2013 and continuing until in or about June 2014, BENDAYAN, ▮▮▮▮▮▮▮▮▮▮ used their shell-companies and bank accounts in Hong Kong and Colombia to transfer millions in the proceeds of drug trafficking to bank accounts in the United States. ▮▮▮▮▮▮▮▮▮▮

BENDAYAN used his bank account at Globex in Hong Kong to transfer drug proceeds from Hong Kong to the United States.

## THE CONSPIRACY

16. From a date unknown, but at least by in or about 2007, and continuing up to and including the date of the filing of this First Superseding Indictment, at Boston and elsewhere in the District of Massachusetts, in the Southern District of New York, the Eastern District of New York, the Southern District of Florida and elsewhere in the United States, and in Colombia, Venezuela, Brazil, Argentina, Panama, the United Kingdom, Hong Kong, Singapore and elsewhere,

**MARTIN LUSTGARTEN ACHERMAN,
SALOMON BENDAYAN, a.k.a. "Salo,"**
▮▮▮▮▮▮▮▮▮▮

defendants herein, knowing that the property involved represented the proceeds of some form of unlawful activity, did knowingly and intentionally combine, conspire, confederate and agree with

6

each other and other individuals known and unknown to the grand jury:

    (a)    to conduct financial transactions affecting interstate and foreign commerce, which in fact involved the proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance, and, with respect to financial transactions occurring in whole and in part in the United States, an offense against a foreign nation involving the manufacture, importation, sale, and distribution of a controlled substance, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

    (b)    to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States, and to a place in the United States from and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i); and

    (c)    knowingly to engage and attempt to engage in monetary transactions by, through, and to a financial institution affecting interstate and foreign commerce, in criminally derived property that was of a value greater than $10,000 and was derived from specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and

7

otherwise dealing in a controlled substance, and, with respect to financial transactions occurring in whole and in part in the United States, an offense against a foreign nation involving the manufacture, importation, sale, and distribution of a controlled substance, knowing that the property was derived from some form of unlawful activity, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT TWO

### (Title 18, United States Code, Section 1512(k) – Conspiracy to Obstruct an Official Proceeding)

The Grand Jury further charges that:

1. The allegations set forth in paragraphs one through fifteen of Count One are re-alleged and incorporated in this Count by reference.

2. From a date unknown but at least by in or about 2009, and continuing up to in or about May 2014, at Boston and elsewhere in the District of Massachusetts, the Southern District of Florida and elsewhere in the United States, and in Colombia, Panama and elsewhere,

**MARTIN LUSTGARTEN-ACHERMAN,**

defendant herein, did knowingly and intentionally combine, conspire, confederate and agree with other individuals known and unknown to the grand jury to corruptly obstruct, influence, and impede, and attempt to obstruct, influence, and impede an official proceeding, namely federal grand jury investigations in the District of Massachusetts investigating the Rosemont Accounts and the laundering of drug proceeds and the related forfeiture proceedings involving the Rosemont Account as described herein, by providing materially false information and documents to the DEA and the U.S. Attorney's Office in the District of Massachusetts at Boston regarding LUSTGARTEN's financial transactions relating to the Rosemont Accounts, in violation of Title 18, United States Code, Section 1512(c)(2).

All in violation of Title 18, United States Code, Section 1512(k).

## COUNT THREE

### (Title 18, United States Code, Section 1512(c)(2) – Obstruction of an Official Proceeding)

The Grand Jury further charges that:

1. The allegations set forth in paragraphs one through fifteen of Count One are re-alleged and incorporated in this Count by reference.

2. On or about February 7, 2014, at Boston and elsewhere in the District of Massachusetts and elsewhere,

**MARTIN LUSTGARTEN-ACHERMAN,**

defendant herein, did knowingly, intentionally, and corruptly obstruct, influence, and impede, and attempt to obstruct, influence, and impede an official proceeding, namely federal grand jury investigations in the District of Massachusetts investigating the Rosemont Accounts and the laundering of drug proceeds and the related forfeiture proceedings involving the Rosemont Accounts as described herein, by providing false information about, and concealing from, the U.S. Drug Enforcement Administration and the Department of Homeland Security, Homeland Security Investigation the complete nature and scope of LUSTGARTEN's involvement with SALOMON BENDAYAN.

All in violation of Title 18, United States Code, Section 1512(c)(2).

## FORFEITURE ALLEGATIONS

### (Title 18, United States Code, Sections 982(a)(1), 981(a)(1)(C) and Title 28, United States Code, Section 2461(c))

The Grand Jury further charges that:

1. Upon conviction of the offense alleged in Count One of this First Superseding Indictment,

**MARTIN LUSTGARTEN ACHERMAN,
SALOMON BENDAYAN, a.k.a. "Salo,"**

defendants herein, jointly and severally, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the offense, and any property traceable to such property. The property to be forfeited includes, but is not limited to:

  (A)  a sum of money equal to the total amount of money involved in the offense, which may be entered in the form of a joint and several forfeiture money judgment;

  (B)  all funds on deposit in HSBC (Hong Kong) account number 614009967838, held in the name of A and L Services Ltd.;

  (C)  all funds on deposit in HSBC (Hong Kong) account number 491661492838, held in the name of Andan Ltd.;

  (D)  all funds on deposit in HSBC (Hong Kong) account number 411781446838, held in the name of ESL Services Ltd.;

  (E)  all funds on deposit in HSBC (Hong Kong) account number 817342074838, held in the name of Henlux Ltd.;

  (F)  all funds on deposit in HSBC (Hong Kong) account number 491680559888, held in the name of Martin A. Lustgarten;

  (G)  all funds on deposit in Standard Chartered Bank (Hong Kong) Limited account number 36811380986, held in the name A L Services Ltd.;

(H)     all funds on deposit in Standard Chartered Bank (Hong Kong) Limited account number 36811375230, held in the name of ESL Services Ltd.;

(I)     all funds on deposit in DBS Bank (Hong Kong) Limited account number 4736093780, held in the name of Avintel International Ltd.;

(J)     all funds on deposit in DBS Bank (Hong Kong) Limited account number 7884585410, held in the name of Henlux Ltd.;

(K)     all funds on deposit in Bank of China (Hong Kong) Limited account number 01287592427662, held in the name of ANL Services Limited;

(L)     all funds on deposit in HSBC (Hong Kong) account number 491783619838, held in the name of RAM Technologies Limited;

(M)     all funds on deposit on HSBC (Hong Kong) account number 491783635838, held in the name of Torsten Management Corporation Limited;

(N)     all funds on deposit in DBS Bank (Singapore) Limited account number 0003010612016, held in the name of ESL Portfolio Holdings Pte Ltd.;

(O)     all funds on deposit in DBS Bank (Singapore) Limited account number 003008269014, held in the name of Henlux Pte Ltd, previously held in the name of AL Global Portfolio Ptd Ltd.;

(P)     all funds on deposit in Oversea Chinese Banking Corporation (Singapore) Limited account number 503083628301, held in the name of AL Global Portfolio PTE Ltd.;

(Q)     all funds on deposit in Australia and New Zealand Banking Group Limited (Singapore) account number 7931050741033USD00001, held in the name of ESL Portfolio Holdings Pte Ltd.;

(R)     all funds on deposit in HSBC Bank (Panama) account number 108978728, held in the name of A L Services Inc.;

(S)     all funds on deposit in HSBC Bank (Panama) account number 100384453, held in the name of Martin Lustgarten Acherman;

(T)     all funds on deposit in Totalbank Curacao NV (Panama) account number 93663, held in the name of A & L Services Inc. (Panama);

(U)      all funds on deposit in Banesco S.A. (Panama) account number 120000069931, held in the name of Martin Lustgarten;

(V)      all funds on deposit in CBH Compagnie Bancaire Helvetique S.A. (Switzerland) account number 0021000B000C, held in the name of A L Services Inc.;

(W)      all funds on deposit in CBH Compagnie Bancaire Helvetique S.A. (Switzerland) account number 0021066B000C, held in the name of Andan Ltd.;

(X)      all funds on deposit in Berenberg Bank Schweiz AG (Switzerland) account number 000104100200, held in the name of Andan Ltd;

(Y)      all funds on deposit in CBH Compagnie Bancaire Helvetique S.A. (Switzerland) account number 0020999B000C, held in the name of ESL Services Inc.;

(Z)      all funds on deposit in CBH Compagnie Bancaire Helvetique S.A. (Switzerland) account number 0021088B000C, held in the name of Henlux Inc.;

(AA)      all funds on deposit in Andbanc Luxembourg S.A. account number 6002420001000, held in the name of Andan Ltd.;

(BB)      all funds on deposit in HSBC (Hong Kong) account number 808631170838, held in the name of Globex Capital Limited;

(CC)      all funds on deposit in HSBC (Hong Kong) account number 808631949838, held in the name of Maxfield International Holdings Limited;

(DD)      all funds on deposit in Standard Chartered Bank (Hong Kong) account number 44700839693, held in the name of Globex Capital Limited;

(EE)      all funds on deposit in DBS Bank Ltd. (Hong Kong) account number 9080009222, held in the name of Globex Capital Limited;

(FF)      all funds on deposit in DBS Bank Ltd. (Hong Kong) account number 016190788443684, held in the name of Tradesphere International Limited;

(GG)      all funds on deposit in DBS Bank Ltd. (Hong Kong) account number 9080006027, held in the name of Capitol Enterprises Limited;

(HH)    all funds on deposit in Unibank SA (Panama) account number 31153, held in the name of Maxfield Panama Ltda SA;

(II)    all funds on deposit in Banco Bogota account number 077369973, held in the name of Comercializadora Internacional de Mercados Bolivarianos, d/b/a CIM & B Traders De Colombia Ltda;

(JJ)    all funds on deposit in Banco Davivienda account number 009700127526, held in the name of Econometria y Servicios Especiales SAS;

(KK)    all funds on deposit in Banco Davivienda account number 008700413670, held in the name of Tecnologia de Inversion Intek SAS;

(LL)    all funds on deposit in Banco Davivienda account number 009700126171, held in the name of Comercializadora Internacional de Mercados Bolivarianos, d/b/a CIM & B Traders De Colombia Ltda;

(MM)    all funds on deposit in Banco Davivienda, account number 475100045849, held in the name of Andres Gomez-Torres;

(NN)    all funds on deposit in Citibank N.A. account number 9997280649, held in the name Bedrock Holdings America Ltd c/o Salomon Bendayan;

(OO)    all funds on deposit in BMO Harris Bank account number 3010077580, held in the name of Mair M Bendayan Trustee, Salomon Bendayan Beneficiary, c/o Holand Chrysler;

(PP)    The real property located at 300 Corlies Avenue, Allenhurst, New Jersey 07711, including all buildings, appurtenances and improvements thereon;

(QQ)    The real property located at 400 Avenue U, #307, Brooklyn, New York 11223, including all buildings, appurtenances and improvements thereon;

(RR)    The real property located at 400 Avenue U, #308, Brooklyn, New York 11223, including all buildings, appurtenances and improvements thereon; and

(SS)    The real property located at 9801 Collins Avenue, Unit 6L, Bal Harbour, Florida 33154, including all buildings, appurtenances and improvements thereon.

2. Upon conviction of the offense alleged in Count Two of this First Superseding Indictment,

**MARTIN LUSTGARTEN ACHERMAN,**

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3. If any of the property described in paragraphs 1 and 2 above, as a result of any act or omission of the defendants,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21 United States Code, Section 853(p), as incorporated by Title 18 United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraphs 1 and 2.

All pursuant to Title 18, United States Code, Sections 982(a)(1), 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL,

_____
FOREPERSON OF THE GRAND JURY


_____
Neil J. Gallagher, Jr.
Assistant United States Attorney


DISTRICT OF MASSACHUSETTS; April 1, 2015

Returned into the District Court by the Grand Jurors and filed,

_____
DEPUTY CLERK   4/1/2015 @ 2:19pm