UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>MARTIN LUSTGARTEN ACHERMAN, *et al.*, )<br>  Defendants. ) | Criminal No. 15-10046-LTS |

**JOINT MOTION FOR INTERLOCUTORY SALE OF**
**9801 COLLINS AVENUE, UNIT 6L, BAL HARBOUR, FLORIDA**

The United States of America, by its attorney, Carmen Ortiz, United States Attorney for the District of Massachusetts, defendant Salomon Bendayan (the "Defendant"), individually and by his attorney (the "Parties"), hereby jointly move that this Court enter an Order, in the form submitted herewith, permitting the interlocutory sale of the real property, with all rights appertaining thereto, known as 9801 Collins Avenue, Unit 6L, Bal Harbour, Florida, including all buildings and appurtenances thereon, more particularly described in a deed recorded at Official Records Book 26822, Page 1344, of the Public Records of the Miami-Dade, Florida County (the "Bal Harbour Property"). In addition, the Parties jointly move this Court to authorize Howard B. Brownstein, Esq., undersigned counsel for the Defendant, to receive and hold the net proceeds of the sale of the Bal Harbour Property in the Brownstein Booth & Associates Trust Account, or other interest bearing account, pending conclusion of this criminal case. As reasons therefore, the Parties state as follows:

1. On April 1, 2015, the United States Attorney for the District of Massachusetts filed a three-count First Superseding Indictment charging the Defendant, and others,[1] with Money Laundering Conspiracy in violation of 18 U.S.C. § 1956(h) (Count One).

---

[1] The Defendant is charged only in Count One with Money Laundering Conspiracy.

2. The First Superseding Indictment also contained a forfeiture allegation, pursuant to 18 U.S.C. § 982(a)(1), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of the offense alleged in Count One, of any property, real or personal, involved in the offense, and any property traceable to such property. Such property specifically included, among other assets, the real property located at 400 Avenue U, #307 and #308, Brooklyn, New York 11223, including all buildings, appurtenances and improvements thereon, more particularly described in the Declaration dated December 21, 2010 establishing the Residences at 400 U (the "Condominium"), recorded on March 10, 2011 in the office of the City Register as CRFN 2011000087984 as amended by the First Amendment to the Declaration, dated December 7, 2011, recorded in the Register's Office on January 19, 2012 as CRFN 2012000024247 as amended by the Second Amendment to the Declaration, dated October 6, 2014, recorded in the Register's Office on April 8, 2015 as CRFN 2015000117698, more particularly described as Block 7129 Lot 1009, King's County, New York (the "Avenue U Property"), and the Bal Harbour Property.

3. On April 6, 2015, the District Court endorsed an Amended Restraining Order, which specifically included the Bal Harbour and the Avenue U Properties, and another. Docket No. 23.

4. On or about April 9, 2015, the Amended Restraining Order was recorded against the Avenue U Property.

5. On April 9, 2015 a *Lis Pendens* was filed in Official Records Book 29572, Page 2502 of the Public Records of Miami-Dade County, Florida. The *Lis Pendens* gave notice that the United States seeks to forfeit the Bal Harbour Property.

6. On January 2, 2013, Avenue U Holdings, LLC entered into a purchase agreement to purchase the Avenue U Property from Avenue U Partners, LLC. The executed Purchase Agreement is attached as Exhibit A. The Purchase Agreement required Avenue U Partners, LLC, prior to closing, to combine the two tax lots for Unit 307 and Unit 308 into one tax lot. Avenue U Holdings, LLC made the first down payment in the amount of $500,000 on December 19, 2012. The Defendant is the manager of Avenue U Holdings, LLC and currently resides at the Avenue U Property.

7. On March 4, 2013, Avenue U Holdings, LLC and Avenue U Partners, LLC executed an Amendment to the Purchase Agreement for the Avenue U Properties, attached as Exhibit B. Pursuant to ¶ 4 of the Amendment to Purchase Agreement, Avenue U Holdings, LLC made a second down payment of $500,000 on February 27, 2013. A third down payment of $875,000 was required on January 31, 2014, if Avenue U Holdings, LLC had combined the tax lots of the Avenue U Property. Copies of confirmations of the transfer of such funds to the escrow account of Wolf Haldenstein Adler Freeman & Herz (real estate counsel to Avenue U Holdings LLC) and the transmittal of such funds to the seller are attached as Exhibit C.

8. On January 22, 2014, prior to the payment of the third down payment, Avenue U Holdings, LLC and Avenue U Partners, LLC executed a Second Amendment to Purchase Agreement for the Avenue U Property, attached as Exhibit D. The Second Amendment to Purchase Agreement obligated Avenue U Partners, LLC to make the third down payment in the amount of $875,000, prior to Avenue U Holdings, LLC legally combining the tax lots for the Avenue U Property. Exhibit D at ¶¶ 3-4. On or about April 8, 2015, Avenue U Holdings, LLC combined the tax lots of the Avenue U Property. A copy of the Second Amendment to the Condominium Declaration is attached as Exhibit E. Avenue U Holdings, LLC shall provide

Avenue U Partners, LLC with a $250,000 credit for the combining the tax lots of the Avenue U Property.

9. Pursuant to ¶ 5 of the Amendment to Purchase Agreement, now that the tax lots for the Avenue U Property have been combined, a closing for the Avenue U Property is scheduled for May 18, 2015. The purchase price listed in the Purchase Agreement is $3,000,000.00. *See* Exhibit A at ¶ 1. Avenue U Holdings, LLC, pursuant to the Purchase Agreement, is to credit Avenue U Partners, LLC $250,000 at closing. *Id.* at ¶ 32. Therefore, the fourth and final payment in the amount of $875,000.00 for the Avenue U Properties is due at the closing.

10. ABM Investment Group, LLC, a Florida limited liability company, the members of which are Eva Bendayan, the Defendant's wife, and Mair Bendayan, the Defendant's father, is the record owner of the Bal Harbour Property. Prior to the Court's issuance of the Amended Restraining Order, ABM Investment Group, LLC had contracted with Kenvest Consultants, Ltd. to sell the Bal Harbour Property. Such sale has been delayed due to the *Lis Pendens* and the Amended Restraining Order but is currently scheduled to close on May 11, 2015.

11. To preserve the *status quo* and to maintain the equity available from the Bal Harbour and the Avenue U Properties, the Parties now seek the Court's authorization to sell the Bal Harbour Property and to use the net sale proceeds to pay for the balance owed on the Avenue U Properties. Allowing the Bal Harbour Property to be sold and the net sale proceeds to be invested in the Avenue U Property will help maintain the Bal Harbour Property's net equity. Allowing such transactions to proceed may also increase the net equity in the Avenue U Property, as no further payments will be due on those real properties.

12. Under the foregoing circumstances, an immediate interlocutory sale of the Bal Harbour Property provides the best means of maximizing and preserving equity in the Bal Harbour and the Avenue U Property. The Parties therefore agree that the Bal Harbour Property should be sold immediately, and any net sale proceeds should be held pending the conclusion of this criminal case.

13. Because an immediate interlocutory sale of the Bal Harbour Property is the best means of preserving any equity in the Bal Harbour and the Avenue U Property, the Parties respectfully move the Court to enter an order authorizing ABM Investment Group, LLC to sell the Bal Harbour Property.

14. The Parties also agree that after the Bal Harbour Property is sold, the net proceeds of the sale, after the expenses outlined in ¶ 17 below are paid, shall be held in the Brownstein Booth & Associates Trust Account, pending the conclusion of this criminal case.

15. Statutory provisions permit the Court to authorize the interlocutory sale of property subject to criminal forfeiture, with the proceeds to be retained by the Defendant's undersigned counsel in the Brownstein Booth & Associates Trust Account, pending the conclusion of the criminal forfeiture proceedings. Specifically, in a criminal case, such as the one here, the Court is authorized to take any action "to preserve the availability of property" that has been named in an indictment as subject to forfeiture in the event of a conviction. 21 U.S.C. § 853(e)(1)(A), as incorporated by 18 U.S.C. § 982(b)(1); *see also* 18 U.S.C. § 983(j)(1)(A) (in a civil forfeiture action, the Court may take any "action to ... secure, maintain, or preserve the availability of property subject to civil forfeiture.").

16. The proposed interlocutory sale of the Bal Harbour Property will not affect the criminal proceedings, nor will it cause prejudice to any party.

17. The Parties jointly state that an order allowing the proposed interlocutory sale of the Bal Harbour Property and authorizing and directing the Defendant's undersigned counsel to receive, disburse and hold the net proceeds will aid in preserving the availability of the Bal Harbour and Avenue U Property for forfeiture pending the conclusion of this criminal case. The Parties agree that the interlocutory sale of the Bal Harbour Property will take place on the following terms:

   a. ABM Investment Group, LLC is to engage the services of a licensed real estate broker to aid in the sale of the Bal Harbour Property. Such real estate broker shall be paid the customary fees associated with the sale of the Bal Harbour Property, but not to exceed 6% commission. The Defendant and ABM Investment Group, LLC agree that the sale of the Bal Harbour Property shall not be made for a price less than $1,225,000;

   b. By the time of the closing, the United States Attorney's Office for the District of Massachusetts shall provide the proper documentation to release the *Lis Pendens*, recorded on April 9, 2015, in Official Records Book 29572, Page 2502 of the Public Records of Miami-Dade County, Florida, against the Bal Harbour Property;

   c. At the closing, proceeds of the full sale price shall be transferred to the closing attorney retained to complete the sale of the Bal Harbour Property. The closing attorney shall distribute the sale proceeds in the following manner and order:

      (i) all costs and expenses reasonably incurred by the Defendant and ABM Investment Group, LLC in the sale of the Bal Harbour Property; more specifically, the real estate broker fee described in paragraph (a) above, closing attorney's fees, and tax stamps paid by the seller;

      (ii) the cost of any comprehensive insurance on the Bal Harbour Property;

      (iii) any outstanding real estate taxes due to Miami-Dade County or Bal Harbour, Florida with respect to the Bal Harbour Property;

      (iv) any valid and superior liens, attachments, or encumbrances of record with respect to the Bal Harbour Property, recorded prior to the United States Attorney's Office for the District of Massachusetts's *Lis Pendens*;

      (v) the balance owed on the Avenue U Property, in the amount of $875,000.00, to Wachtel Masyr & Missry LLP at 885 Second Avenue, 47th Floor, New York, New York 10017;

(vi) the following closing costs associated with the purchase of the Avenue U Property:

| | |
|---|---:|
| Title bill: | $96,000.00 |
| Title closer fee: | $250.00 |
| Legal Fee of Seller: | $2,650.00 |
| Working Capital Contribution: | $6,000.00 |
| Interest Calculation per contract (estimated) : | $11,000.00 |
| Attorney Fees for Avenue U Partners, LLC | $5,000.00 |
| Additional estimated title and search costs | <u>$1,000.00</u> |
| TOTAL | $128,900.00 |

(vii) any remaining net balance of the sale proceeds shall be forwarded to the Defendant's undersigned counsel, to be held in the Brownstein Booth & Associates Trust Account, pending the conclusion of the criminal case.

d. At the conclusion of all forfeiture proceedings relating to the Bal Harbour Property, any net proceeds held in the Brownstein Booth & Associates Trust Account shall be disposed of according to law.

WHEREFORE, the Parties jointly move that this Court enter an Order pursuant to 21 U.S.C. § 853(e)(1)(A), as incorporated by 18 U.S.C. § 982(b)(1), authorizing the interlocutory sale of the Bal Harbour Property and directing the Defendant's undersigned counsel to receive and hold the net proceeds in the Brownstein Booth & Associates Trust Account. A proposed Order is submitted herewith for the consideration by the Court.

Respectfully submitted,

| | |
|---|---|
| CARMEN M. ORTIZ<br>United States Attorney | Salomon Bendayan,<br>By his attorney |
| By:   /s/ Veronica M. Lei<br>VERONICA M. LEI<br>B.B.O. #673122<br>veronica.lei@usdoj.gov<br>Assistant United States Attorney<br>U.S. Attorney's Office<br>1 Courthouse Way, Suite 9200<br>Boston, MA 02210<br>(617) 748-3100 | By:   /s/ Howard Brownstein<br>HOWARD BROWNSTEIN, Esq.<br>Brownstein Law & Associates<br>512 42nd Street<br>Union City, NJ 10038-4512<br>hbb@bba-law.com<br>(201) 866-4949<br>admitted *pro hac vice* |

Dated: May 6, 2015

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Joint Motion for Interlocutory Sale, as well as the proposed Order for Interlocutory Sale, were filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

           /s/ Veronica M. Lei
           VERONICA M. LEI
           Assistant U.S. Attorney

Dated: May 6, 2015