UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
15-10046-LTS

UNITED STATES OF AMERICA

v.

MARTIN LUSTGARTEN ACHERMAN

# MEMORANDUM OF DECISION AND ORDER ON MOTION FOR PRODUCTION OF LEGAL INSTRUCTIONS TO GRAND JURY

October 16, 2015

DEIN, M.J.

## I. INTRODUCTION

This matter is before the court on the "Motion of Defendant Martin Lustgarten-Acherman for the Production of the Legal Instructions to the Grand Jury, and to Dismiss Indictment Absent Proper Legal Instructions" (Docket No. 96). By this motion, the defendant contends that he is entitled to review the legal instructions given to the grand jury which resulted in his indictment and, if they were inadequate, to have his indictment dismissed. After consideration of the parties' oral and written arguments, the motion is DENIED.

## II. BACKGROUND

The defendant is charged in a multi-count indictment with conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h), conspiracy to obstruct an official proceeding in violation of 18 U.S.C. § 1512(k), and obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2). He is seeking a transcript of the instructions given to the grand jury, and argues that if the instructions were improper, the indictment should be

dismissed pursuant to the Fifth Amendment to the United States Constitution and Rule 6(e) of the Federal Rules of Criminal Procedure.  In particular, the defendant relies on Rule 6(e)(3)(E)(ii) which provides as follows:

> (E) The court may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs – of a grand-jury matter: ...
>
> (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]

It is apparently the defendant's contention that the government must have improperly instructed the grand jury on the requisite intent needed for the crimes with which he was indicted.  In support of this contention, he cites to the following colloquy at the conclusion of the government's presentation of evidence (as quoted by the defendant in his motion):

> GRAND JUROR: ... is there any conversations you had with Martin [Defendant] where he actually said right ... as far as evidence, that he knew where the money was coming from ... I mean does he know where the actual sources – or any testimony or documents that shows that he knows it's actually from like a drug cartel or something like that?
>
> QUESTION BY AUSA:  Did he [Defendant] reference getting dollars from drug traffickers?
>
> ANSWER BY THE SPECIAL AGENT:  No.
>
> FINAL QUESTION BY THE AUSA:  Is that something that was ever mentioned in the wiretap that this money was drugs?
>
> ANSWER BY THE SPECIAL AGENT:  No.

(Mot. at 2 (defendant's commentary and emphasis omitted)).

According to the defendant, this colloquy raises "the proverbial red flag of their [sic] being a 'particularized need' to examine the entire transcript of these grand jury minutes" with a particular focus "upon the legal instructions and related guidance that may have been

[2]

provided to the grand jurors by the government in securing such an indictment in these circumstances." (Id. at 3).

Additional facts will be provided below were appropriate.

### III.  ANALYSIS

It is well-settled that the "'indispensable secrecy of grand jury proceedings' must not be broken except where there is a compelling necessity.'" United States v. Capozzi, 486 F.3d 711, 727 (1st Cir. 2007) (quoting United States v. Procter & Gamble Co., 356 U.S. 677, 682, 78 S. Ct. 983, 986, 2 L. Ed. 2d 1077 (1958)).  "The burden of showing particularized need rests squarely on the defendant." Id.  Thus, the court has discretion pursuant to Fed. R. Crim. P. 6(e)(3)(E) "to pierce the secrecy of the grand jury and authorize disclosure of a grand jury matter[,]" but only upon a showing by the defendant of a "particularized need" for the material, "that is that 1) the material sought is needed to avoid a possible injustice in another judicial proceeding, 2) the need for disclosure outweighs the need for continued secrecy and 3) the request is structured to cover only what is needed." United States v. George, 839 F. Supp. 2d 430, 437 (D. Mass. 2012) (quoting Douglas Oil Co. of Cal. v. Petrol Stops Nw., 441 U.S. 211, 222, 99 S. Ct. 1667, 1674, 60 L. Ed. 2d 156 (1979)), aff'd on other grounds, 761 F.3d 42 (1st Cir. 2014).  Accord United States v. DiMasi, Cr. No. 09-10166-MLW, 2011 WL 468213, at *3 (D. Mass. Feb. 4, 2011). However, the existence of such discretion "is not an invitation to engage in a fishing expedition to search for grand jury wrongdoing and abuse when there are no grounds to believe that any wrongdoing or abuse has occurred." United States v. Rodriguez-Torres, 570 F. Supp. 2d 237, 241 (D.P.R. 2008) (quoting United States v. Loc Tien Nguyen, 314 F. Supp. 2d 612, 616 (E.D. Va.

2004)). In the instant case, the defendant has not met his burden of establishing a "particularized need" for the grand jury instructions.

The First Circuit has held that "[t]he prosecutor is under no obligation to give the grand jury legal instructions." United States v. Lopez-Lopez, 282 F.3d 1, 9 (1st Cir. 2002). The defendant argues strenuously that this principle is not applicable in the instant case for a variety of reasons, including that Lopez-Lopez allegedly did not address a defendant's rights under "the Fifth Amendment's Grand Jury Clause," that charges of conspiracy involve complicated legal issues that must be explained to the grand jury, and/or that Lopez-Lopez was not properly decided and runs counter to more recent trends in the law. (See Mot. at 5-13). Rather, Acherman urges this court to adopt the holding of United States v. Stevens, 771 F. Supp. 2d 556 (D. Md. 2011), that "where a prosecutor's legal instruction to the grand jury seriously misstates the applicable law, the indictment is subject to dismissal if the misstatement casts 'grave doubt that the decision to indict was free from the substantial influence' of the erroneous instruction." Id. at 567 (citation omitted).

As an initial matter, this court notes that Stevens did not address the issue whether legal instructions to the grand jury are required, or how deep the court is allowed to delve into grand jury proceedings. Rather, in Stevens the court relied on an express colloquy between a grand juror and the prosecutor that made it clear that the jurors had been wrongfully advised. Specifically, the defendant Lauren Stevens, former Vice President and Associate General Counsel of GlaxoSmithKline, was charged by the government with falsifying and concealing documents with the intent to impede, obstruct, or influence an FDA investigation. As a matter of law, "[t]o the extent that Stevens relied in good faith on the advice of counsel in responding to the FDA's

[4]

inquiries, such reliance would negate . . . the wrongful intent required to convict Stevens" of all of the charges against her. Id. at 566. Nevertheless, during the colloquy, and in response to a clear question from a grand juror, the grand jury was affirmatively advised to disregard whether or not Stevens relied on the advice of counsel, thereby leaving "little doubt that the instruction given the grand jury regarding the advice of counsel defense was erroneous." Id. at 567. Since the prosecutor's incorrect answer to the grand juror's direct question "either substantially influenced the decision to indict or, at the very least, create[d] grave doubt as to that decision[,]" the indictment was dismissed without prejudice in the interests of justice. Id. at 568.

This court does not need to decide whether the First Circuit would follow Stevens if faced with blatantly incorrect instructions to a grand jury. But see United States v. Buchanan, 787 F.2d 477, 487 (10th Cir. 1986) ("Challenges going only to the instructions given to the grand jury as to the elements of the offenses are not grounds for dismissal of an indictment that is valid on its face."). The defendant here has failed to allege that improper instructions were given, or to identify any facts which raise doubts as to the accuracy of any instructions that may have been given. Not only has Acherman failed to establish a particularized need for the grand jury instructions, the "request for the grand jury instructions appears to be a 'fishing expedition.'" See United States v. Huntress, No. 13-CV-199S, 2015 WL 631976, at *28 (W.D.N.Y. Feb. 13, 2015) (motion for production of grand jury minutes and instructions denied where defendants failed to offer any support for their argument that the instructions were erroneous, and failed to even specifically allege that the grand jury was erroneously instructed). This is not sufficient grounds for invading the secrecy of the grand jury.

The defendant does not and cannot assert that the indictment is in any way invalid on its face.  Here the indictment details "the conspiracy" and asserts that the defendants, "knowing that the property involved represented the proceeds of some form of unlawful activity, did knowingly and intentionally combine, conspire, confederate and agree with each other" to undertake activities described in detail in the indictment.  (Indictment (Docket No. 10) at Count One ¶ 16; see also Count Two at ¶ 2).  Thus, the grand jury could not have charged Acherman under these Counts without having found probable cause that Acherman had the necessary knowledge and intent to commit the crimes with which he was charged.  See George, 839 F. Supp. 2d at 437 (motion to produce legal instructions given to grand jury denied "because the plain words of the conspiracy charge [in the Indictment] were sufficient to apprise the jury of the necessary legal elements, including George's intent to form an agreement and intent to commit the underlying offense.").

The colloquy on which Acherman relies does not compel a different result.  In this court's view, the quoted language does not establish that the government had failed to provide the grand jury with evidence that Acherman was aware that the funds with which he was dealing had come from "some form of unlawful activity."  As the District Judge in this case has already ruled when the defendant relied on the same colloquy in connection with other motions, including motions challenging his pretrial detention:

> Acherman points to an excerpt from a grand jury transcript asserting it establishes both prosecutorial misconduct and illustrates governmental overreach in this case....  The plain reading of the one-page excerpt reveals no prosecutorial misconduct – a grand juror posed a somewhat lengthy, multi-part question which the prosecutor reformulated into several precise, pithy questions that were answered by the witness.  Afterward, the prosecutor asked generally if the witness had answered the grand juror's query.  Acherman cites no authority suggesting that the

[6]

> actions revealed by the transcript constitute misconduct. The testimony from the witness, a federal agent, conceding that Acherman never referenced getting money from drug traffickers or that the money was drug related on the wiretaps does not carry the weight Acherman would have the Court place on it. The wiretaps encompass only a small portion of the relevant time period, and the Government has other evidence, it says, showing Acherman's knowledge and intent, evidence not captured by the excerpted portion of the grand jury testimony.

(Order on Defendant's Appeal from Orders of Detention and Related Scheduling Orders (Docket No. 106) at 6). "In short, [the defendant] has failed to demonstrate a particularized need that would warrant disclosure of grand jury instructions." United States v. Mariani, 7 F. Supp. 2d 556, 558 (M.D. Pa. 1998), and cases cited.

Finally, this court denies the defendant's alternative suggestion to conduct an *in camera* review of the grand jury instructions. Where, as here, the defendant has "not offered any evidence that will lead this Court to conclude that there was an irregularity in the grand jury proceedings, which compromised [his] rights[,]" there is no basis for the court to conduct an *in camera* review. Rodriguez-Torres, 570 F. Supp. 2d at 246.

## IV.  ORDER

For all the reasons detailed herein, the "Motion of Defendant Martin Lustgarten-Acherman for the Production of the Legal Instructions to the Grand Jury, and to Dismiss Indictment Absent Proper Legal Instructions" (Docket No. 96) is DENIED.

                                                  / s / Judith Gail Dein
                                                  JUDITH GAIL DEIN
                                                  UNITED STATES MAGISTRATE JUDGE