UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

Crim. No. 15-10046-LTS

v.

MARTIN LUSTGARTEN ACHERMAN,

## PROTECTIVE ORDER

Pursuant to Federal Rule of Criminal Procedure 16(d) and Local Rule 116, it is hereby ORDERED as follows:

1. For purposes of this Order, the term "the Discovery" means all of the discovery materials, including but not limited to affidavits, investigative reports, and wiretap materials, that the Government has disclosed to counsel for the defendant in the above captioned case or any reciprocal discovery produced to the government by the defendant.

2. Except as provided below, defendant and his counsel of record shall make no disclosure of the Discovery as described above, to any other person and the government shall make no disclosure of discovery materials produced by the defendant to any other person.

3. Consistent with the terms of this Order, the Discovery may be disclosed by counsel of record in this case so long as such disclosures are made for the sole purpose of preparing a defense to charges pending in the case. Such disclosures may be made by counsel of record for a defendant in that case to: (1) the defendant represented by that counsel of record; (2) other counsel of record in the pending case; (3) a counsel of record's partners, associates, paralegal, designated defense investigators and stenographic employees involved in the defense of this case; (4) such independent experts as may be selected by defense counsel to furnish technical or expert services

1

or give testimony in the case; (5) persons identified in a communication to be disclosed as being present during such communication or being a participant therein; and (6) to other persons, but only pursuant to order of the Court based upon a showing of particularized need; provided that nothing in this Order shall prevent defense counsel from disclosing a recording or its contents to a potential witness for the defense where defense counsel has made a good-faith determination that such disclosure is necessary to the proper preparation of the defense. Similarly, the Government can disclosure discovery materials produced by the defendant to persons listed in paragraphs (1)-(5) above to assist in their prosecution or can seek a court order pursuant to paragraph (6) supra.

4. Counsel of record for the defense and the Government shall not make any disclosure as provided in paragraph 3 above without first obtaining from the person to whom the disclosure will be made written acknowledgment that he or she is bound by the terms of this Order. Each such person shall indicate his or her acknowledgment by signing a copy of this Order after having read the Order and having the contents herein fully explained by counsel of record making the disclosure. Counsel shall maintain a list of names of all such persons and a copy of their acknowledgments and shall file original acknowledgments with the Court in camera.

5. Upon the termination of these proceedings (which extends to any appeal or collateral attack and any appeal therefrom continuing until the denial of any petition for *writ of certiorari* by the U.S. Supreme Court), the Discovery shall be returned forthwith to the United States or to the Court or be destroyed, with verification in writing to government counsel that such materials have been destroyed, absent further Court order to the contrary. It will be the burden of the U.S. government to identify for defense counsel in writing the time of the

termination of the criminal proceedings in the event that defense counsel is no longer counsel of record for a defendant in further proceedings in the same criminal case.

6. A copy of this Protective Order shall be signed by each defense counsel and shall be filed by the attorney for the government and made part of the record of this case once all counsel of record have affixed their signatures below.

7. Each of the parties to the Protective Order shall have the right to seek modification(s) of the Protective Order either by agreement of the parties or by motion to the Court.

*Judith Gail Dein*
HONORABLE JUDITH G. DEIN
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF MASSACHUSETTS

Dated: 10/26/15

3

## PROTECTIVE ORDER

**Criminal No. 15-10046-LTS**

_____      10/26/2015
Katherine Ferguson            Date
Assistant U.S. Attorney

_____      10/26/15
Linda M. Ricci            Date
Assistant U.S. Attorney

_____      10/26/15
Joseph Palazzo            Date
Trial Attorney
Asset Forfeiture & Money Laundering Section
US Department of Justice

_____      _____
Nathan Diamond            Date
Counsel for Martin Lustgarten Acherman

_____      10/26/15
E. Peter Mullane            Date
Counsel for Martin Lustgarten Acherman

4

## PROTECTIVE ORDER

Criminal No. 15-10046-LTS

---
Neil J. Gallagher, Jr.        Date
Assistant U.S. Attorney

---
Joseph Palazzo        Date
Trial Attorney
Asset Forfeiture & Money Laundering Section
US Department of Justice

---
Nathan Diamond        4/21/15
Counsel for Martin Lustgarten Acherman     Date

4