IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CRIMINAL NO.: 15-CR-10046-LTS |
| v. | ) |
| | ) |
| MARTIN LUSTGARTEN-ACHERMAN, | ) |
| SALOMON BENDAYAN, and | ) |
| ANDRES URICOECHEA | ) |
| Defendants | ) |

## MOTION OF DEFENDANT MARTIN LUSTGARTEN-ACHERMAN
## TO TRANSFER COUNTS TWO AND THREE PURSUANT TO RULE 21(b)
## TO THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

NOW comes the Defendant Martin Lustgarten-Acherman ("Defendant"), by and through his undersigned counsel, Nathan P. Diamond, Esquire, and respectfully requests pursuant to Rule 21(b) of the Fed.R.Crim.P. that the court transfer the remaining Counts Two and Three of the above captioned case to the U. S. District Court for the District of Southern Florida.

In support hereof, the Defendant states as follows:

1. Count One of this indictment was transferred to the Southern District of Florida by the Transfer Order of this Court on October 19, 2015. The Court acknowledged in its Decision and Order of October 16, 2015, that there is overlap between Count One, and Counts Two and Three, of the superseding indictment.

2. The government's status report filed with this court on October 23, 2015, appropriately admitted therein that it is the government's "**position … that to**

**prove that the defendant conspired to obstruct justice and obstructed justice as charged in Counts Two and Three of the superseding indictment, the government must prove the existence of the underlying conspiracy charged in Count One."** However, it is also appropriate to state for these very same reasons and logic that a not guilty finding on Counts Two and Three would also be dispositive of Count One as a practical matter.

3. Therefore, the subject indictment as charged is in essence based upon a multiplicity of charges for the same alleged conduct of the Defendant – as the government has now acknowledged.

4. Consequently, in consideration of the Defendant's continuous assertion and requests to obtain a speedy trial, a trial of the Defendant at the earliest possible date on either Count One (now in Miami), or on these remaining Counts Two and Three, will in essence be dispositive of this entire indictment.

5. Additionally, the issue of proper venue in this District is one that would remain in dispute at the time of trial were this motion to transfer not to be allowed.

6. In the exercise of the Defendant's right to a speedy trial, the parallel procedural tracks for each trial that consequently remain in effect in each District would unavoidably create scheduling conflicts. It would necessitate the U.S. Marshals transporting the Defendant back and forth between Boston and Miami for required court appearances. In general, these counts remaining in this District for a speedy trial would create an inefficient use of government resources and create related judicial inefficiencies.

7. There are no defense witnesses that are anticipated to appear on behalf of the Defendant that are located within this District, but there are several living within the Miami area. Also, lead trial counsel for this Defendant is located in Miami, and the Defendant has many relatives residing in that area.

8. Finally, the interests of justice would best be served in these circumstances by having the final disposition of this indictment as to all counts be before the same District Court judge who would then be most familiar with the all of the pertinent facts and circumstances of the entire case, and thereby best ensure that fairness and a speedy trial will be provided to this Defendant.

WHEREFORE, the Defendant respectfully requests pursuant to Rule 21(b) of the Fed.R.Crim.P. that the court transfer these remaining Counts Two and Three of the above captioned case to the U. S. District Court for the District of Southern Florida.

DATED:   November 2, 2015

Respectfully submitted,

NATHAN P. DIAMOND, P.A.
888 Biscayne Boulevard (Suite 501)
Miami, Florida 33132
Tel.: (305) 371-5300
Fax: (305) 371-6966
Email: attydiamon@aol.com

By:    /S/ Nathan P. Diamond
       NATHAN P. DIAMOND, ESQUIRE

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on November 2, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

          By:    <u>/S/ Nathan P. Diamond</u>
                  NATHAN P. DIAMOND, ESQUIRE